127 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Irvin J. BELLANGER, Jr., Plaintiff-Appellant,
v.
John J. CALLAHAN, Acting Commissioner of the Social Security
Administration.** Defendant-Appellee.
 No. 97-35205.
 United States Court of Appeals, Ninth Circuit.
 Decided Oct. 27, 1997.
Submitted October 20, 1997***
 
 Appeal from the United States District Court for the District of Oregon Malcolm F. Marsh, District Judge, Presiding
 Before: NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Irvin J. Bellanger, Jr. appeals the district court's judgment affirming the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Bellanger's application for disability insurance benefits under 42 U.S.C. § 423. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's judgment upholding the Commissioner's denial of benefits. See Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir.1997). The denial of benefits must be affirmed if substantial evidence supports the findings of the administrative law judge ("ALJ") and the ALJ applied the correct legal standards. See id.
 
 
 4
 Bellanger contends that the ALJ's decision that he was not disabled from January 3, 1983 to December 31, 1988, is not supported by substantial evidence. We disagree.
 
 
 5
 Here, there was ample evidence to support the ALJ's finding that Bellanger retained the residual functional capacity to perform light or sedentary work, despite his significant history of back surgeries. Bellanger's treating and examining physicians found improvement following each of Bellanger's multiple back surgeries. Although these physicians concluded that Bellanger could not return to his previous job, which involved heavy lifting, they concluded that he could perform light or sedentary work. Moreover, the vocational expert testified that there were a wide number of jobs available based on Bellanger's residual functional capacity prior to December 31, 1988. See Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir.1989) (stating that when a claimant shows that he or she cannot return to previous job, the burden shifts to the Commissioner to show that claimant can perform other kinds of work). Accordingly, substantial evidence supports the ALJ's conclusion that Bellanger was not disabled during the period of 1983 to 1988. See Jamerson, 112 F.3d at 1066.
 
 
 6
 Bellanger also contends that the ALJ erred by discrediting his and his wife's testimony regarding Bellanger's disabling level of pain. This contention lacks merit.
 
 
 7
 Here, neither Bellanger nor his wife offered any specific testimony regarding his pain between 1983 to 1988. Instead, Bellanger restricted his testimony to his recent pain, which could not support his claim with respect to the relevant insured period. See Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir.1995).
 
 
 8
 Because the ALJ's findings are supported by substantial evidence and the ALJ applied the correct legal standards, the district court's judgment is affirmed. See Jamerson, 112 F.3d at 1066.
 
 
 9
 AFFIRMED.
 
 
 
 **
 President Clinton appointed John J. Callahan to serve as Acting Commissioner of Social Security Administration, effective March 1, 1997. Therefore, John J. Callahan is substituted for Shirley S. Chater, pursuant to Fed. R.App. P. 43(c)(1)
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3